UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TORLANDO MCDONALD,<br>　Plaintiff, | )<br>)<br>) |
| vs. | )　　No. 17-1454<br>) |
| NURSE SALLY, et. al.,<br>　Defendants | )<br>)<br>) |

MERIT REVIEW ORDER

This cause is before the Court for consideration of Plaintiff's second motion for leave to amend his complaint. [9].

Plaintiff, a pro se prisoner, filed his original complaint on October 10, 2017. [1] One month later, Plaintiff filed a motion for leave to amend his complaint. [6]. However, Plaintiff's amended complaint was later dismissed for failure to state a claim upon which relief could be granted. *See* December 1, 2017 Merit Review Order.

Plaintiff's amended complaint alleged Defendants Nurse Sally and Nurse Susan violated his constitutional rights at the Peoria County Jail in July of 2017 when he had his ears "flushed out." (Comp, p. 5). Defendant Sally first examined Plaintiff's ears and gave him eardrops to soften the wax and make it easier to clean out his ears. Plaintiff returned five days later. Nurse Susan admitted she had never flushed anyone's ears out, and Plaintiff claimed when she started to work on his right ear "she rammed the tube up my ear, whether it was accidental or not, the pain was unbearable…" (Comp., p. 5-6). Defendant Susan apologized several times, but Plaintiff alleged he continued to

1

suffer in pain and could not hear out of his right ear. Plaintiff further claimed he was not given any pain medication.

Plaintiff finally alleged he filled out sick call requests, but due to "negligence" he was not called to the medical department. (Comp, p. 6). Plaintiff ultimately saw a doctor and a nurse practioner who both ordered additional eardrops. Plaintiff did not provide the date of this visit, and he did not state whether he was diagnosed with any specific injury or ailment. Nonetheless, Plaintiff claimed he still could not hear out of his right ear and therefore, he asked for 30 million dollars in damages.

The Court explained Plaintiff could not proceed with an Eighth Amendment claim based on inadequate or inappropriate medical treatment due to negligence. *See Shockley v Jones*, 823 F.3d 1068, 1072 (7th Cir. 1987); *Sellers v. Henman*, 41 F.3d 1100, 1102-03 (7th Cir.1994). In addition, if Plaintiff intended to state a claim based on medical malpractice, his complaint was insufficient. *See* 735 Ill. Comp. Stat. § 5/2-622(a). Nonetheless, it was possible Plaintiff might be able to articulate an Eighth Amendment claim based on the denial of pain medication. However, Plaintiff's complaint did not provide an adequate factual basis for this allegation. Plaintiff was given additional time and directions to file a second amended complaint clarifying his claim. *See* December 1, 2017 Merit Review Order.

Plaintiff has now filed his proposed amended complaint which has been filed as a motion for leave to amend. [9]. The motion is granted pursuant to Federal Rule of Civil Procedure 15. [9].

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's second amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff again identifies Nurse Susan and Nurse Sally as Defendants. Plaintiff says he has included Nurse Sally because she was the supervisor, but this is not a proper basis for liability in a suit pursuant to 42 U.S.C. §1983. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)("The doctrine of *respondeat superior* (supervisor liability) does not apply to § 1983 actions.."). Therefore, the Court will dismiss Nurse Sally.

It is difficult to decipher the remainder of Plaintiff's allegations and it requires reference to his previous complaint. Plaintiff again says he put in a request to have his ears flushed out and he was seen by Nurse Susan on July 28, 2017. The nurse performed the ear-wax irrigation procedure leaving him in pain, but she denied his requests for pain medication. Plaintiff later explains Defendant Nurse Susan told him while no pain medications would be prescribed, he could choose to purchase medication. (Amd. Comp., p. 6). Plaintiff does not allege he could not afford medication.

Plaintiff says he put in another medical request slip on August 1, 2017, stating "his ears were improperly flushed and only wanted the proper treatment done for his right ear" since he still could not hear properly. (Amd. Comp, p. 5). Plaintiff does not

3

allege he was suffering in pain. Plaintiff filed two more requests and a grievance before he was scheduled to see medical staff.

Plaintiff saw a nurse practioner around August 18, 2017 and he was given additional ear drops. Plaintiff was again told if he wanted pain medication, it would not be prescribed, but he could purchase medication. Plaintiff admits the pain had subsided by this point, and he again does not claim he could not afford the medication. (Amd. Comp., p. 6).

Plaintiff filed another grievance on September 2, 2017, when he was not called back to the medical department after he had finished the ear drops. Plaintiff says he received a response noting: "there has been no ear damage due to medical from ear wax. You are scheduled for this a.m." (Amd. Comp., p. 6-7). Nonetheless, Plaintiff says he was not called to the medical department.

Plaintiff says he filed two more grievances, but was not scheduled for an appointment and he still cannot hear properly out of his right ear.

As previously noted, Plaintiff must allege he suffered from a serious medical condition, and Defendants were deliberately indifferent to that condition in order to state an Eighth Amendment violation. *Farmer v Brennan*, 511 U.S. 825, 834 (1994). Based on the allegations in Plaintiff's second amended complaint, the immediate pain associated with irrigating his ears and the hearing problems associated with a build-up of ear wax does not rise to the level of a serious medical condition. *See Lane v. Matter*, 1998 WL 879519, at *2 (7th Cir. 1998)(temporary and minor pain of ear wax irrigation treatment not sufficient to meet standard of a serious medical need); *Lee v. Brewer,* 1994

4

WL 46683, at *4–5 (N.D.Ill. Feb.14, 1994) (evidence that excessive buildup of wax in an inmate's ear caused "discomfort and some temporary hearing loss" did not show a serious medical need); *Leisure v. Director of Nursing*, 2018 WL 1074080, at *2(E.D.Pa. Feb. 26, 2018)(ear wax build up condition is not a serious medical need, and plaintiff has alleged nothing more than negligence in irrigation procedure).

Plaintiff was twice given ear drops to help loosen any ear wax, his ears were irrigated, and he was again examined by nurse practitioner. If Plaintiff believes he needed pain medication, medical staff advised him he could purchase medication such as Tylenol or another pain reliever. Plaintiff does not allege he could not afford the medication and his provided Trust Fund Ledgers indicate Plaintiff routinely was able to make minimal commissary purchases. [9].

While Plaintiff appears to allege he has been denied continued treatment, he also admits he has filed grievances, not medical requests, and his grievances were apparently denied as untimely. There is no indication Plaintiff has been refused medical care, and more important, there is no indication either Defendant was involved in considering any additional requests for medical care.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion for leave to file a second amended complaint is granted pursuant to Federal Rule of Civil Procedure 15. [9].

2) The Plaintiff's second amended complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. This case is closed.

3) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

3) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 2nd day of April, 2018.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE